# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **JEREMY MATLOCK,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:24-00428 |
| | ) |
| **FCI BECKLEY WARDEN,** | ) |
| | ) |
| Respondent. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1), filed on August 19, 2024.[1] By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.)

## PROCEDURE AND FACTS

On May 22, 2013, Petitioner was arrested by Tennessee State authorities for two counts of Possession of Cocaine with Intent to Manufacture/Deliver/Sell, one count of Being a Convicted Felon in Possession of a Firearm, and one count of Possession of a Controlled Substance – Marijuana (Case No. 14-01044). (Document No. 13-1, pp. 1 and 5.) On May 25, 2013, Petitioner was released on bond. (Id.) On June 24, 2013, Petitioner was arrested on a warrant issued for State parole violations in Case Nos. 11-00890 and 10-00306. (Id., pp. 7 – 8.) Petitioner's parole was

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

revoked in Case Nos. 11-00890 and 10-00306 on October 8, 2013. (Id.)

On December 16, 2013, Petitioner was found to be in possession of 0.29 grams of marijuana and seven Xanax pills while being housed in a county jail. (Id., p. 10.) As a result, Petitioner was charged in the General Session Criminal Court for Shelby County, Tennessee, with two counts of Taking Contraband into a Penal Facility, one count of Possession of a Controlled Substance with Intent to Manufacture/Deliver/Sell, and one count of Possession of Marijuana with Intent to Manufacture/Deliver/Sell (Case No. 13900434). (Id.) Petitioner was housed in the facility under the alias Courtney Matthew. (Id.) Petitioner's use of the Courtney Matthew's alias is demonstrated by Jeremy Matlock and Courtney Matthew having the same Tennessee Offender Management Information System ("TOMIS") Identification No. 335174. (Id., pp. 7 – 10.)

On March 19, 2014, Petitioner was indicted in the United States District Court for the Western District of Tennessee for one count of Engaging in Monetary Transactions Involving Criminally Derived Property in violation of 18 U.S.C. § 1957 (Count One), and one count of Possession of Cocaine with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1) (Count Two). United States v. Matlock, Case No. 2:14-cr-20075 (W.D.Tn. Dec. 1, 2015), Document No. 1. On April 7, 2014, Petitioner was borrowed pursuant to a Federal Writ of *Habeas Corpus Ad Prosequendum* from the State of Tennessee. (Document No. 13-1, pp. 12 and 15.) On April 15, 2014, Petitioner's State charges in Case No. 13900434 were dismissed by nolle prosequi. (Id., p. 17.) On May 26, 2015, Petitioner pled guilty to the Federal charges contained in the Indictment in the United States District Court for Western District of Tennessee. Matlock, Case No. 2:14-cr-20075, Document Nos. 66 and 68. On December 1, 2015, the United States District Court for the Western District of Tennessee imposed a total term of 160-months of imprisonment. (Document No. 13-1, pp. 19 – 23.) The Federal sentencing Court recommended that Petitioner "receive jail

credit for in-custody time on related Shelby County State of Tennessee, Memphis, TN Case # 14-01044." (Id.) On December 17, 2015, Petitioner was returned to State custody with a Federal detainer lodged. (Id., pp. 7 – 8, 14 - 15). On the same day (December 17, 2015), Petitioner satisfied his State parole revocation sentence in Case Nos. 11-00890 and 10-00306. (Id., p. 7.) Petitioner, however, remained in State custody pending the outcome of Case No. 14-01044. (Id., pp. 14 – 15.) On October 24, 2016, Case No. 14-01044 was disposed of by nolle prosequi. (Id., pp. 25 – 26.) On October 27, 2016, Petitioner was released to Federal custody. (Id., pp. 28 – 30.) Thus, the BOP commenced Petitioner's Federal sentence commenced on October 27, 2016, and applied 318 days of prior custody credit towards Petitioner's Federal sentence from May 22, 2013, through May 25, 2013, and from December 18, 2015, through October 26, 2016. (Id., pp. 28 – 30.)

On August 19, 2024, Petitioner filed a Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241. (Document No. 1.) Petitioner alleges that the BOP is improperly calculating the term of his imprisonment. (Id.) Specifically, Petitioner asserts that the BOP is improperly denying him pre-custody credit towards his Federal sentence. (Id., p. 5.) Citing Willis v. United States, 438 F.2d 923 (5th Cir. 1971), Petitioner argues that "a federal prisoner is entitled to credit toward a federal sentence for time in state jail prior to sentencing." (Id.) Petitioner notes that the "BOP has implemented Willis credit into its sentencing computation manual policy." (Id.) Petitioner, however, concludes that the BOP has incorrectly concluded that he is not entitled to Willis credit. (Id., p. 6.) As relief, Petitioner requests "this Court order Respondent to grant Willis credit from the date he went into Federal custody until he was sentenced." (Id., p. 9.)

As Exhibits, Petitioner attaches the following: (1) A copy of a Rejection Notice from the Central Office Administrative Remedy Coordinator dated June 11, 2024 (Remedy ID No. 1197630-A1) (Document No. 1-1, p. 2); (2) A copy of Petitioner's "Central Office Administrative

3

Remedy Appeal" dated May 16, 2024 (Id., p. 3); (3) A copy of Petitioner's "Regional Administrative Remedy Appeal" dated April 8, 2024 (Remedy ID No. 1197630-R1) (Id., pp. 4 - 5); (4) A copy of a TRULINCS message from Petitioner requesting a response to his BP-8 (Id., p. 6); (5) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated February 7, 2024 (Id., p. 7); (6) A copy of pertinent pages from Petitioner's Federal "Judgment in Criminal Case" (Document No. 1-2); (7) A copy of Petitioner's "Request for Administrative Remedy Informal Resolution Form" dated August 7, 2024 (Document No. 1-3, p. 3); (8) A copy of Petitioner's "Inmate Request to Staff" dated January 5, 2024 (Id., p. 4.); and (9) A copy of Petitioner's "Inmate Request to Staff" dated August 9, 2024 (Id., p. 5).

By Order entered on August 26, 2024, the undersigned ordered that Respondent file an Answer to the allegations contained in the Petitioner's Petition and show cause, if any, why the Writ of *Habeas Corpus* sought by the Petitioner in this case should not be granted. (Document No. 5.) On September 9, 2024, Petitioner filed additional Exhibits. (Document No. 9.) Specifically, Petitioner filed the following: (1) A copy of a TRULINCS message from Petitioner to the Warden dated August 2, 2024 (Document No. 9-1); (2) A copy of a TRULINCS message from Petitioner to the Unit Manager dated August 2, 2024 (Document No. 9-2); and (3) A copy of a TRULINCS message from Petitioner to the R & D Supervisor dated August 15, 2024 (Document No. 9-3).

On September 27, 2024, Respondent filed his Response to the Order to Show Cause. (Document No. 13.) Respondent argues that Petitioner's Petition should be denied based on the following: (1) "Petitioner's Federal sentence commenced on October 27, 2016" (Id., pp. 4 - 6); and (2) "Petitioner is not entitled to any additional prior custody credit" (Id., pp. 6 – 9). In support, Respondent attaches the following Exhibits: (1) The Declaration of Yvonne Gordon (Document No. 13-1, pp. 1 – 3); (2) A copy of Petitioner's information from the "Offender Management

System" (Id., p. 5); (3) A copy of an email verification from Tennessee Department of Corrections, Sentence Information Services (Id., pp. 7 - 8); (4) A copy of R.S. Vowell's Affidavit of Complaint and Arrest Warrant as filed in General Session Criminal Court in Shelby County, Tennessee (Id., p. 10); (5) A copy of the "Application, Order, and Writ for Habeas Corpus Ad Prosequendum" as filed in the United States District Court for the Western District of Tennessee in Case No. 14-20075 (Id., p. 12); (6) A copy of the "USM 129 Individual Custody/Detention Report" (Id., pp. 14 – 15); (7) A copy of the "Certificates of Disposition" from the General Session Criminal Court in Shelby County, Tennessee (Id., p. 17); (8) A copy of the "Judgment in a Criminal Case" as filed in the United States District Court for the Western District of Tennessee (Id., pp. 19 – 23); (9) A copy of the Judgment as filed in Case No. 14-01044 in the Criminal Circuit Court for Shelby County, Tennessee (Id., pp. 25 – 26); (10) A copy of Petitioner's "Public Information Inmate Data As Of 09-12-2024" (Id., pp. 28 - 30); and (11) A copy of pertinent pages from BOP Program Statement 5880.28 (Id., p. 32).

By Order and Notice entered on September 30, 2024, the undersigned advised Petitioner of his right to file a Reply to Respondent's Response. (Document 14.) On December 2, 2024, Petitioner filed his Reply and Affidavit in Support. (Document Nos. 19 – 20.) In his Reply, Petitioner continues to argue that he is entitled to Willis credit. (Document No. 19.) Petitioner argues that the "recommendation from the federal court judge in relation to petitioner receiving pre-sentencing custody credit was clear." (Id.) Petitioner further asserts that "primary jurisdiction is a non-factor here because the USMS picked him up on 4/7/2014, the federal government retained primary and exclusive authority over him because the federal government was the first sovereignty to issue judgment of conviction against the petitioner on December 1, 2015, and the state thereafter on December 17, 2015." (Id.)

## ANALYSIS

**1.      Petitioner's Federal sentence did not commence until October 27, 2016.**

Title 18 U.S.C. § 3585(a) provides that a Federal sentence does not begin to run until the defendant is received into custody for service of the sentence. Generally, the first arresting sovereign acquires primary jurisdiction "for purposes of trial, sentencing, and incarceration. However, the sovereign with priority of jurisdiction . . . may elect under the doctrine of comity to relinquish it to another sovereign." United States v. Warren, 610 F.2d 680, 684-85 (9th Cir. 1980). Primary jurisdiction can be relinquished by operation of law, such as bail release, expiration of sentence, or dismissal of charges. United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005). Primary jurisdiction is *not* relinquished when an inmate is borrowed pursuant to a writ of *habeas corpus ad prosequendum*. United States v. Evans, 159 F.3d 908, 912 (4th Cir. 1998)(citing Thomas v. Whalen, 962 F.2d 358, 361, n. 3 (4th Cir. 1992)("A federal sentence does not begin to run . . . when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum. Rather, the state retains primary jurisdiction over the prisoner, and federal custody commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation.").

State authorities in Tennessee arrested Petitioner on May 22, 2013 in Case No. 14-01044, but relinquished primary jurisdiction when they released him on bond on May 25, 2013. Petitioner was arrested by State authorities in Tennessee for a parole violation in Case Nos. 11-00890 and 10-00306 on June 24, 2013, thereby again obtaining primary jurisdiction. Petitioner was then temporarily transferred into Federal custody from April 7, 2014, through December 17, 2015, pursuant to a Writ of *Habeas Corpus ad Prosequendum* for proceedings upon his Federal charges. Following his sentencing on the Federal charges on December 17, 2015, Petitioner was returned

to State custody. Although Petitioner satisfied his State parole revocation sentence (Case Nos. 11-00890 and 10-00306) on December 17, 2015, he remained in State custody due to the pending State charges in Case No. 14-01044. The charges in Case No. 14-01044 were dismissed by nolle prosequi on October 24, 2016, and Petitioner was released to Federal custody on October 27, 2016. See Grier v. Purdue, 2014 WL 3823999, * 3 (N.D.W.Va. Aug. 4, 2014)(citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)(A sovereign may relinquish primary jurisdiction by "releasing a defendant on parole, granting bail, or dismissing pending charges.") Therefore, Petitioner's Federal sentence did not commence until October 27, 2016, when Petitioner was received into primary Federal custody.

**2.     Petitioner is not entitled to additional prior custody credit.**

Title 18 U.S.C. § 3585(b) provides as follows:

> **(b) Credit for prior custody. --** A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences - -
>
> > **(1)** as a result of the offense for which the sentence was imposed; or
> >
> > **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

The United States Supreme Court has held that under Section 3585(b), "Congress made clear that a defendant could not receive double credit for his detention time." Wilson, 503 U.S. at 337, 112 S.Ct. at 1355 - 1356; also see United States v. Mojabi, 161 F.Supp.2d 33, 36 (D.Mass. 2001)(holding that "[s]ection 3885(b) prohibits 'double credit,' i.e. awarding credit for presentence time served against one sentence if that time has already been credited against another sentence"). Notwithstanding the limitation imposed under Section 3585(b), the Fifth and Seventh Circuits indicated that a petitioner was entitled to time spent in *presentence* State custody that was

attributable to the federal offense even if the petitioner was given credit on his State sentence for that period of time. See Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)(even though defendant received state credit for his presentence custody, the court found defendant was entitled to credit against his federal sentence for all his presentence incarceration because defendant's sentences were concurrent and crediting only the state sentence would not reduce defendant's actual imprisonment); Willis v. United States, 438 F.2d 923, 925 (5th Cir. 1971)(reasoning that even though the State gave petitioner credit for his presentence custody, petitioner did not receive a benefit because his State sentence expired before his federal sentence). Pursuant to Kayfez, the BOP grants prior custody credit, even if it results in a double-credit toward a State sentence, when three conditions are met: (1) a prisoner's State and Federal sentence are run concurrently; (2) the raw effective full term date of the State term is later than the raw effective full term date of the Federal term; and (3) the State raw full term date, after application of qualified State presentence time, is reduced to a date that is earlier than the Federal raw effective full term date. See Program Statement 5880.28. If the above conditions are met, credit is awarded towards the Federal sentence in the amount that will adjust the Federal raw full term release date to equal the State sentence's effective full term date. The BOP, however, is not required to award Federal pre-sentence credit for time served after the commencement of the State sentence. Kayfez v. Casele, 993 F.2d 1288, 1290 (7th Cir. 1993). In Willis, the Fifth Circuit carved out a narrow exception allowing additional prior custody credit in a situation where a prisoner had concurrent state and federal sentence, but crediting only the state sentence would not provide any benefit to the prisoner because his federal raw full term release date is equal to or greater than his state raw full term date. Willis, 438 F.2d at 923.

In the instant case, the Court finds that Petitioner is not entitled to receive *additional* prior custody credit. The BOP applied 318 days of prior custody credit towards Petitioner's Federal sentence from May 22, 2013 (date of arrest concerning State Case No. 14-01044) through May 25, 2013 (date of release on bond concerning State No. 14-01044), and from December 18, 2015 (day after completion of sentence for parole violations in Case Nos. 11-00890 and 10-00306) through October 26, 2016 (date prior to release to Federal custody). (Document No. 13-1, pp. 28 – 30.) Petitioner received Federal credit for the foregoing periods because such time periods were not credited towards any other sentence. Petitioner appears to be seeking Federal credit for the following time period: June 24, 2013 (date of arrest by Tennessee State authorities for parole violations in Case Nos. 11-00890 and 10-00306) through December 17, 2015 (date of completion of State sentence for parole violations in Case Nos. 11-00890 and 10-00306). This custody time, however, was credited against the service of Petitioner's Tennessee State sentence in Case Nos. 11-00890 and 10-00306. (Document No. 13-1, p. 7.) The BOP may not grant prior custody credit for time that has been credited against another sentence. See United States v. Goulden, 54 F.3d 774 (4th Cir. 1995)(unpublished opinion)(holding that credit is only available for time spent in custody which has not been credited against another sentence); United States v. Brown, 977 F.2d 574 (4th Cir. 1992)(finding that "a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence"). Thus, Petitioner is not entitled to have the above requested time credited against his Federal sentence as such would constitute double credit. See Al-Barr v. Garrett, 2024 WL 4770431, * 2 (E.D.Ar. Nov. 13, 2024)(finding that even though the sentencing court recommended that petitioner receive credit for the time in state custody, the recommendation was not authorized because this time had already been credited against his state sentence); Spence v.

9

United States, 2019 WL 2106551, * 3 (W.D.Penn. May 14, 2019)("[W]hile it appears the sentencing court wanted to give [petitioner] credit back to December 12, 2002, it had no authority to do so" because petitioner was in primary custody of the State at this time and such time was credited against his state sentence.); Eckles v. English, 2014 WL 5092271, * 2 (N.D.Fl. Oct. 9, 2014)("[P]etitioner is not entitled to federal credit for time served for her state offenses-despite the sentencing court's recommendation because that time was credited towards her state sentences."); Fletcher v. Attorney General of the United States, 2010 WL 3938373, * 6 (E.D.Ky. Oct. 5, 2010)(finding that petitioner was not entitled to any additional prior custody credit and the "BOP correctly discerned that the sentencing court's recommendation to the BOP was unauthorized surplusage that was not binding on the BOP."); also see BOP Program Statement 5880.28, Chapter 1 at Page 27 ("Should the Judgment and Commitment order make a recommendation that a period of time credit be awarded to the sentence that is not authorized, the recommendation may be treated as surplusage, and the credit will not be allowed.") The undersigned further finds that Petitioner is not entitled to Kayfez or Willis credit because his Federal and State sentences were not ordered to run concurrently. See Covington v. Young, 2021 WL 6845365, * 4 (S.D.W.Va. Sept. 20, 2021), report and recommendation adopted, 2022 WL 385643 (S.D.W.Va. Feb. 8, 2022)("[T]here is an exception to the rule prohibiting 'double credit' where state and federal sentences run concurrently."). Petitioner was sentenced by the Federal court to a total of 160 months imprisonment with only a *recommendation* for Petitioner to "receive jail credit for in custody time on related Shelby County State of Tennessee, Memphis, TN Case # 14-01044." (Document No. 13-1, pp. 19 – 22.) Thus, Petitioner's Federal sentence was not directed to run concurrently with any sentence making him ineligible for Kayfez and Willis credit. Based on the foregoing, the undersigned finds that Petitioner is not entitled to any additional prior custody credit. Accordingly,

the undersigned finds that Petitioner is not entitled to *habeas* relief and his Petition should be dismissed.

## PROPOSAL AND RECOMMENDATION

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Petition for Writ of *Habeas Corpus* by a Person in Federal Custody under 28 U.S.C. § 2241 (Document No. 1), and **REMOVE** this matter from the Court's docket.

The Petitioner is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States Chief District Judge Frank W. Volk. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, Chief District Judge

Volk, and this Magistrate Judge.

    The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner, who is acting *pro se*, and counsel of record.

    ENTER: July 11, 2025.



Omar J. Aboulhosn
United States Magistrate Judge